1 [Reprinted from 4 N. B. R. 92 (Quarto, 23), by permission.]

GUNN (PLANT v.). See Case No. 11,205.

## Case No. 5,869.

### GUNNEL v. DADE.

[1 Cranch, C. C. 427.][1]

Circuit Court, District of Columbia. July Term, 1807.

SALE—RECOVERY OF PURCHASE MONEY—RETURN OF GOODS.

The plaintiff, to whom a negro has been sold, without title, cannot recover the purchase-money in an action for money had and received, without proof that he returned or offered to return the negro; nor if there was a bill of sale under seal with an express warranty of title.

This was an action for money had and received, for the price of a negro sold by the defendant to plaintiff, without title. The plaintiff, on the evening before the trial, gave notice to the defendant to produce a deed of trust including the negro in question. The affidavit of service stated the service on the defendant and his promise to produce the deed.

E. J. Lee, for plaintiff, under the 15th section of the judiciary act of 1789 (1 Stat. 82), moved the court for judgment by default in not producing it.

But THE COURT refused; because there was no affidavit that the deed was in possession of the defendant, and although the defendant promised to produce it, yet that was not sufficient; the presumption is that the deed is in the possession of the trustees, who are entitled to the possession; and because the notice ought to be of a motion to the court to require the defendant to produce the paper; and such an order of court must be served on the defendant, and disobeyed, before the court can give judgment by default.

Mr. Taylor and Noblet Herbert, for defendant, moved the court to instruct the jury, that the plaintiff cannot recover upon the warranty, in this action for money had and received; and cited Lindon v. Hooper, Cowp. 414; Power v. Wells, Id. 819; Stuart v. Wilkins, Doug. 18; Weston v. Downes, Id. 23; Towers v. Barrett, 1 Term R. 133; Fielder v. Starkin, 1 H. Bl. 17. They contended that an action for money had and received will not lie unless the consideration has totally failed; nor unless the plaintiff had returned or offered to return the negro to the defendant; nor if there was an express warranty of title by a written bill of sale.

E. J. Lee and Mr. Swann, contra, cited Moses v. Macferlan, 2 Burrows, 1005; Towers v. Barrett, 1 Term R. 133; Morgan's Essays, 143, 144; Astley v. Reynolds, 2 Strange, 915; 1 Esp. N. P.; Shove v. Webb, 1 Term R. 732; Straton v. Rastall, 2 Term R. 370; Power v. Wells, Cowp. 819; Weaver v. Bentley, 1 N. Y. T. R. [1 Caines] 47.

1 [Reported by Hon. William Cranch, Chief Judge.]

THE COURT (nem. con.) instructed the jury that the plaintiff cannot recover in this action unless they should be satisfied, by the evidence, that the plaintiff, before the suit brought, returned or offered to return the negro, or that the defendant had waived such return or offer. And that if the jury should be satisfied, &c., that the bill of sale contained a general warranty of the title under the seal of the defendant, the plaintiff could not recover in this case.